| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>CHIESA SHAHINIAN & GIANTOMASI PC<br>One Boland Drive<br>West Orange, New Jersey 07052<br>(973) 530-2012<br>Michael R. Caruso, Esq. (mcaruso@csglaw.com)<br>Frank Peretore, Esq. (fperetore@csglaw.com)<br>*Attorneys for Continental Bank* | |
| In re:<br><br>XIOMARA RHEE PACHECO,<br><br>                        Debtor. | Case No. 17-15549 (JKS)<br><br>Chapter 13<br><br>Honorable John K. Sherwood<br><br>**Confirmation Hearing Date: May 25, 2016** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
CONTINENTAL BANK WITH RESPECT TO: (I) DEBTOR'S APPLICATION
FOR RETENTION OF PROFESSIONAL; AND (II) CONFIRMATION
OF A PROPOSED CHAPTER 13 PLAN.**

---

TO:    THE HONORABLE JOHN K. SHERWOOD
       UNITED STATES BANKRUPTCY JUDGE

Continental Bank, a secured creditor in the above-captioned matter, by and through its undersigned counsel, Chiesa Shahinian & Giantomasi PC, submits this limited objection and reservation of rights (the "**Objection**") with respect to: (i) Debtor's application for retention of professional (the "**Application**") [ECF No. 18]; and (ii) confirmation of a proposed chapter 13 plan (the "**Plan**") [ECF No. 3]. In support of the Objection, Continental Bank respectfully states as follows:

**PRELIMINARY STATEMENT**

1.    Continental Bank has no objection to the Debtor retaining a real estate agent to market and sell, in short order, the Debtor's commercial property located at 781 Avenue A,

6724086.3

Bayonne, N.J. 07002 (the "**Property**") – commercial Property against which Continental Bank holds a first mortgage to secure a commercial loan in the original principal amount of $189,000.00 -- provided, however, that the sale proceeds are used by Debtor to satisfy Continental Bank's secured debt in full at the time of closing before Continental Bank liquidates the mortgaged Property at a sheriff's foreclosure sale.[1] Under those express conditions, Continental Bank has no objections to the Plan or Application.

2. Debtor's proposed treatment of Continental Bank's secured debt, however, is ambiguous in the Plan and in the Application. Debtor's Plan does not clearly articulate a sale of the Property in full satisfaction of Continental Bank's first mortgage lien (at the time of closing and before Continental Bank liquidates the mortgaged Property at a sheriff's foreclosure sale). The Application contemplates a "short sale" of the Property but gives no indication about timing. The Plan does not provide for pre- or post-confirmation adequate protection payments to Continental Bank and, indeed, Debtor has not made a single post-petition payment to Continental Bank. Compounding this ambiguity is that fact that the Debtor has not opposed Continental Bank's motion for relief from the stay [ECF No. 13] to continue its prepetition state court foreclosure action through judgment and a sheriff's foreclosure sale. It is unclear, therefore, whether the Debtor intends to: (i) surrender the Property to Continental Bank's rights under applicable nonbankruptcy law; or (ii) sell the Property in bankruptcy in satisfaction of Continental Bank's secured claim.

3. Continental Bank objects to the Plan (including any modifications thereto) to the extent Debtor may seek to "cram down" Continental Bank's allowed secured claim. Continental

---

[1] Continental Bank has moved for relief from the stay to continue prosecuting its prepetition state court commercial foreclosure action against the mortgaged Property, titled: Continental Bank, Plaintiff, v. Xiomara Pacheco a/k/a Xiomara Rhee Pacheco, Javier Pacheco, Xiomara's Beauty Salon & Supply, et al., Defendants, Superior Court of New Jersey, Chancery Division, Hudson County, F-001436-17.

6724086.3

Bank does not object to the Plan to the extent the Debtor seeks to: (i) surrender the Property so that Continental Bank may liquidate its real property collateral at a sheriff's foreclosure sale; or (ii) sell the Property in bankruptcy and use the sale proceeds to satisfy Continental Bank's secured debt in full at the time of closing <u>before</u> a sheriff's foreclosure sale.

## **RELEVANT BACKGROUND**

*Debtor's Plan and Retention Application*

4. On March 21, 2017 (the "**Petition Date**")[2], Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**") and filed her Chapter 13 Plan. [ECF No. 1 & 3]

5. The Plan, at page 2, proposes a sale of the Property by December 2017 "to satisfy [P]lan obligations." The Plan does not articulate Debtor's Plan obligations nor does it provide for any pre- or post-confirmation adequate protection payments to any secured creditor.

6. The Plan, at page 8 titled "Summary of Plan", omits any mention of a proposed sale of the Property or payoff of Continental's mortgage lien. Instead, the Plan summary only mentions Debtor's residential property, located at 58 Isabella Ave., Bayonne, N.J. 07002 (the "**Residential Property**"). The Plan summary reads:

> "Note: The house in which the debtor resides is to be sold by way of a short sale within 9 months of the date of the filing of the debtor's Chapter 13 petition. The second mortgage will be crammed down to unsecured status. In the event that the house is not sold by way of a short sale within 9 months of the filing or that stay relief is granted, any deficiency on the first and second mortgage would be treated as an unsecured claim to be paid pro rata within my plan."

---

[2] This case is a "chapter 20" case, a colloquial term used to describe a chapter 13 case that is filed shortly after the debtor receives a discharge in a prior chapter 7 case. By Order of this Court entered on June 21, 2013 (<u>i.e.</u>, less than four years before the Chapter 13 Petition Date), the Debtor was granted a discharge under section 727 of the Bankruptcy Code in the Chapter 7 case captioned <u>In re: Xiomara Rhee Pacheco</u>, bearing Case No.: 13-14237-DHS. The Debtor's Chapter 7 case closed three days later. Continental Bank's mortgage passed through the Chapter 7 bankruptcy unaffected although the Debtor's personal liability to Continental Bank on the underlying obligation was discharged.

[ECF No. 3, page 8].

7. A confirmation hearing on the Plan is scheduled for May 25, 2017 (the "**Confirmation Hearing**"). [ECF No. 5]. The objection deadline to confirmation of the Plan is May 18, 2017.

8. On May 4, 2017, the Debtor filed the Application [ECF No. 18] to retain Mr. Emil Sours as real estate agent for the Debtor to sell the Property and the Residential Property. The Application, at page 8, states that "[Mr. Sours] will list and show the properties and guide [Debtor] through the short sale process."

*Continental Bank's Interests*

9. Continental Bank holds a first priority purchase money mortgage against the Property that secures a note in the original principal amount of $189,000.00. The note evidences a commercial loan made to the Debtor in 2008. The loan matures in 2033.

10. The Property is the site of "Xiomara's Beauty Salon & Supply" -- a business which, upon information and belief, Debtor has not operated for the past several months. The Debtor is the fee title owner of the Property. Upon information and belief, Debtor has abandoned the physically deteriorating Property.

11. Continental Bank has moved for relief from the automatic stay [ECF No. 13] in order to, among other things, continue its prepetition foreclosure action against the Property through the entry of a final judgment in the Superior Court of New Jersey and liquidation at a sheriff's sale in Hudson County. The motion is unopposed and a hearing is scheduled for May 11, 2017 (the same date as the filing of this Objection).

6724086.3

12. Debtor has not made any post-petition payments to Continental Bank. The last payment made by Debtor under the loan was on September 19, 2016, approximately six months before the Petition Date. That last payment was rejected for insufficient funds.

13. Debtor has not proposed in her Plan any adequate protection of Continental Bank's interests in its real property collateral. Although the Debtor's interests in the mortgaged Property may have equity above the $173,185.91 due and owing to Continental Bank under the note, mortgage, and other loan documents as of April 10, 2017, such purported equity has not been verified by Continental Bank nor substantiated by Debtor.[3] Indeed, Continental Bank may be undersecured based on the rapidly deteriorating physical condition of the Property that has been abandoned by Debtor.

14. A proof of claim on behalf of Continental Bank is not yet on file with the Court but will be filed before the bar date of July 24, 2017.

## LIMITED OBJECTION

15. Section 1322 of the Bankruptcy Code governs the contents of a Chapter 13 plan. See 11 U.S.C. § 1322. Pursuant to section 1322(b), a plan may, among other things:

> "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence," Id. § 1322(b)(2);
>
> "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor," Id. § 1322(b)(8);
>
> "provide for the vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or in any other entity," Id. § 1322(b)(9); and
>
> "include any other appropriate provision not inconsistent with" the Bankruptcy Code. Id. § 1322(b)(11).

---

[3] According to the Debtor's Chapter 13 bankruptcy petition Schedule "D", the estimated market value of the Mortgaged Property is $ 392,608.00 as of March 21, 2017. The basis upon which Debtor arrives at that estimated market value is unclear. Continental Bank does not concede this value and reserves all rights to object to this value.

16. Section 1325 of the Bankruptcy Code sets forth the requirements for confirmation of a chapter 13 plan. As relevant here, section 1325(a)(5) provides that a plan may be confirmed only if one of the following conditions is satisfied with respect to each allowed secured claim provided for by the plan: (i) the creditor has accepted the plan, (ii) the plan provides for the property securing the claim to be surrendered to the creditor, or (iii) the plan provides for "cram down" of the claim. Id. § 1325(a)(5); *Assocs. Commercial Corp. v. Rash*, 520 U.S. 953, 956-57 (1997)(citations omitted). Thus, "[i]f a secured creditor does not accept a debtor's chapter 13 plan, the debtor has two options for handling allowed secured claims: surrender the collateral to the creditor or, under the cram down option, keep the collateral over the creditor's objection and provide the creditor, over the life of the plan, with the equivalent of the present value of the collateral." *Rash*, 520 U.S. at 962. The debtor, as the plan proponent, bears the burden of establishing that each of the requirements of section 1325 of the Bankruptcy Code have been met. *In re Lessman*, 159 B.R. 135, 137 (Bankr. S.D.N.Y. 1993).

17. In this case, the Debtor has failed to meet her burden. The Plan cannot be confirmed as a matter of law because: (i) Continental Bank has not accepted the Plan (in its current ambiguous form); (ii) the Plan does not articulate whether the Property is to be surrendered to Continental Bank's rights under applicable nonbankruptcy law; and (iii) the Plan does not provide for cram down of Continental Bank's secured claim.

18. Continental Bank objects to the Plan (including any modifications thereto) to the extent the Debtor may seek to "cram down" its allowed secured claim. A cram down would appear at odds with Debtor's failure to oppose Continental Bank's motion for relief from the stay. Continental Bank will not consent to a sale (or refinance) of the mortgaged Property and release of its lien without payment in full of the amount indisputably owed to Continental Bank

at the time of closing ($173,185.91 due and owing as of April 10, 2017, subject to accruing interest, attorneys' fees, and other costs as set forth in the loan documents), which closing and payoff in full must occur <u>before</u> Continental Bank liquidates the mortgaged Property at a sheriff's foreclosure sale.

## RESERVATION OF RIGHTS

19.  Continental Bank reserves its rights to amend, modify or supplement this Objection including in response to the filing of any additional documents or exhibits by the Debtor and/or any party-in-interest and to raise additional arguments at or prior to the Confirmation Hearing.

## CONCLUSION

Debtor has failed to meet her burden of showing that the Plan may be confirmed under section 1325 of the Bankruptcy Code over the objection of Continental Bank. For each of the reasons set forth above, Continental Bank respectfully requests the entry of an appropriate order or orders permitting the retention of the realtor and confirming a modified Plan only after the Debtor meets Continental Bank's express conditions as set forth above.

Dated: May 11, 2017

Respectfully submitted,

**CHIESA SHAHINIAN & GIANTOMASI PC**
*Attorneys for Continental Bank*

By:   */s/ Michael R. Caruso*
        MICHAEL R. CARUSO

One Boland Drive
West Orange, New Jersey 07052
Tel:    (973) 530-2109
Fax:    (973) 530-2309
E-Mail:  mcaruso@csglaw.com